UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TROY A. WARD,

    Plaintiff,

- against -

KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]

    Defendant.

---

**ORDER**

20 Civ. 5412 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiff Troy A. Ward brings this action to review a decision of the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g).  (Cmplt. (Dkt. No. 1) ¶ 1)

    On March 30, 2021, Plaintiff filed a motion for a judgment on the pleadings.  (Pltf. Mot. (Dkt. No. 13))  On April 26, 2021, the parties filed a stipulation in which they agree that the Commissioner's decision denying Plaintiff's application for Social Security benefits should be reversed, and that this action should be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings.  (Dkt. No. 16)  On April 27, 2021, this Court so-ordered the stipulation (Dkt. No. 17), and judgment was entered.  (Jgmt. (Dkt. No. 18) at 1)

    On July 26, 2021, the parties filed another stipulation in which they agree that Plaintiff is entitled to an award of attorney's fees in the amount of $7,292.53, pursuant to the

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration (the "Commissioner").  Pursuant to Fed. R. Civ. P. Rule 25(d), the Acting Commissioner is substituted for the Commissioner as the Defendant in this Social Security action.

Equal Access to Justice Act, 28 U.S.C. § 2412. (Dkt. No. 19) On July 27, 2021, this Court so-ordered the stipulation. (Dkt. No. 20)

In a November 13, 2022 Notice of Award, the Social Security Administration (the "SSA") informed Plaintiff that he is entitled to past due benefits, and that the SSA has withheld $17,770.75 from Plaintiff's past due benefits "to pay [Plaintiff's] representative." (Pierre Affirmation, Ex. C (Dkt. No. 23-3) at 1-4)

On December 11, 2022, Plaintiff filed a motion for an award of attorney's fees, pursuant to 42 U.S.C § 406(b)(1), seeking approval of an attorney's fee award of $17,770.75 in connection with 35.14 hours of work performed on this case. (Pltf. Mot. (Dkt. No. 21); Pierre Affirmation (Dkt. No. 23) ¶ 16)

On January 20, 2023, Magistrate Judge Cott issued an R&R recommending that Plaintiff's motion for an award of attorney's fees be granted. (R&R (Dkt. No. 27) at 9)

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In accordance with Fed. R. Civ. P. 72, the R&R sets a deadline for objections, and states the consequences of a failure to object in a timely manner:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. . . . .
>
> **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v.

Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

(R&R (Dkt No. 27) at 9-10 (emphasis in original))

No party has filed objections to Judge Cott's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, no party filed objections to Judge Cott's R&R. (See R&R (Dkt. No. 120) at 7) "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because no party filed objections to Judge Cott's R&R, the parties have waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting

3

Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

This Court has reviewed Judge Cott's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Cott's R&R (Dkt. No. 27) is adopted in its entirety, and Plaintiff's motion for attorney's fees is granted. Plaintiff is awarded $17,770.75 in attorney's fees, and will return any amount received pursuant to the Equal Access to Justice Act.

The Clerk of Court is directed to terminate the motion (Dkt. No. 21) and to close this case.

Dated: New York, New York
August 18, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

4